**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

PLAINTIFF NO. 1,

         Plaintiff,

 v.

UNITED STATES OF AMERICA,

         Defendant.

Case No. 22-457C

**COMPLAINT IN COLLECTIVE ACTION UNDER THE FAIR LABOR STANDARDS ACT**

Respectfully submitted,

Daniel M. Rosenthal
James & Hoffman, P.C.
1629 K. St. NW
Suite 1050
Washington, DC 20006
(202) 496-0500
(202) 496-0555 facsimile
dmrosenthal@jamhoff.com

OF COUNSEL:
Linda Lipsett
Bernstein & Lipsett, P.C.
1629 K. St. NW
Suite 1050
Washington, DC 20006
(202) 296-1798
llipsett@bernstein-lipsett.com

*Attorneys for Plaintiffs*

Dated: April 21, 2022

## INTRODUCTION

1.      This is a civil action brought by Plaintiff No. 1, an employee of Defendant United States of America ("Defendant") in its Department of Justice ("DOJ"). Plaintiff is employed as an Intelligence Research Specialist in the U.S. Attorney's Office for the Northern District of Florida.

2.      DOJ has classified Plaintiff as exempt from the Fair Labor Standards Act ("FLSA"). As a result, she has received no overtime pay for hundreds of hours of overtime work in the past three years.

3.      Plaintiff brings this action on behalf of herself, and all others similarly situated. She seeks to recover from Defendant back pay, liquidated damages, interest, attorneys' fees, and costs pursuant to the FLSA, 5 U.S.C. § 5596, and other applicable laws.

## JURISDICTION AND VENUE

4.      This Court has jurisdiction over this civil action pursuant to 5 U.S.C. § 5596, 28 U.S.C. §§ 1346(a)(2), 1491, and 29 U.S.C. § 216(b).

5.      Further, this Court has jurisdiction under 28 U.S.C. §§ 2201 and 2202 to issue declaratory judgments and other relief sought herein in that actual controversies exist between Plaintiff and Defendant regarding actions and failures to act by Defendant under the FLSA and otherwise.

## THE PARTIES

6.      Plaintiff is an employee of Defendant within the meaning of 29 U.S.C. § 203(e), and within the meaning of Title 5 of the U.S. Code, specifically, 5 U.S.C. §§ 2105, 5541.

7.      Attached to this Complaint as Exhibit A is Plaintiff's signed individual consent form to be included as a party to this action pursuant to 29 U.S.C. § 216(b).

8.  Defendant and its involved agency are, and at all material times has been, a "public agency" and "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d) and § 203(x), and an executive agency within the meaning of 5 U.S.C. §§ 105, 5541, 5596.

## GENERAL ALLEGATIONS

9.  Plaintiff is employed by DOJ as an Intelligence Research Specialist in the U.S. Attorney's Office for the Northern District of Florida. She has been employed in that position from 2002 to the present.

10. Defendant and its officers and agencies are responsible under the United States Constitution, federal law, and regulations for the establishment and administration of personnel, employment, and compensation policies and practices and for applying to Plaintiff the provisions of the FLSA and other applicable federal pay and compensation statutes and regulations.

11. DOJ has classified Plaintiff as exempt from the FLSA and thus denied her the time-and-one-half overtime pay required by that statute. *See* 29 U.S.C. § 207(a)(1).

12. Under governing regulations issued by Office of Personnel Management ("OPM"), agencies must follow the following principles when making FLSA determinations. First, "[e]ach employee is presumed to be FLSA nonexempt unless the employing agency correctly determines that the employee clearly meets the requirements of one or more of the [FLSA] exemptions . . . [.]" 5 C.F.R. § 551.202(a). Second, "[t]he burden of proof rests with the agency that asserts the exemption." 5 C.F.R. § 551.202(c). Third, "[w]hile established position descriptions and titles may assist in making initial FLSA exemption determinations, the designation of an employee as FLSA exempt or nonexempt must ultimately rest on the duties actually performed by the employee." 5 C.F.R. § 551.202(e).

13. Plaintiff has been assigned to assist with the investigation of national security cases, public corruption, white collar crime, and fraud. Plaintiff has also been assigned to perform paralegal duties and to track and maintain equipment.

14. Plaintiff routinely works more 8 hours per day and 40 hours per week. Some of her overtime hours (but not all) were recorded on official forms submitted to the agency.

15. Nevertheless, Defendant considered and treated Plaintiff as exempt from the FLSA and did not accord her the rights and benefits to which FLSA non-exempt employees of Defendant are entitled.

16. As a result, Plaintiff did not receive time-and-one-half overtime pay for many of her hours of overtime work, including those officially recorded with DOJ.

17. Defendant and its officers and agency, DOJ, has willfully violated the FLSA by wrongfully and willfully failing and refusing to provide Plaintiff with pay and benefits due under the FLSA and implementing regulations of Defendant.

## COLLECTIVE ACTION ALLEGATIONS

18. Plaintiff brings this action on behalf of herself and all others similarly situated ("the Class"), which is defined as follows: all Intelligence Research Specialists employed by DOJ in U.S. Attorney's Offices who were classified as exempt from the FLSA.

19. Defendant failed to pay members of the Class FLSA overtime due to them. As a result, these employees received overtime pay at a rate less than they are due under the FLSA, for working in excess of 8 hours each day and/or 40 hours each week.

20. These employees suffered the same legal violations as Plaintiff under the same factual circumstances attributable to Defendant and seek the same remedies.

21.     A collective action would be the most efficient way to resolve the Class's FLSA overtime claims, which involve the same questions of law and fact.

## COUNT ONE

**(Failure to Properly Compensate for Overtime Work According to the FLSA)**

22.     Plaintiff incorporates by reference herein the allegations contained in each of the above paragraphs.

23.     Defendant wrongfully and willfully denied Plaintiff and the Class coverage under FLSA and wrongfully and willfully withheld overtime compensation due them by failing and refusing to pay them in accordance with FLSA for hours worked in excess of 8 hours per day and/or 40 hours per week by misclassifying them as exempt.

## COUNT TWO

**(Request for Back Pay, Liquidated Damages, Interest, Attorneys' Fees and Costs)**

24.     Plaintiff incorporates by reference herein the allegations contained in each of the above paragraphs.

25.     As a result of the wrongful and willful violations of law by Defendant and its officers and agents as alleged in the claims specified above, there is due and owing to Plaintiff and the Class various amounts of back pay, liquidated damages, interest, attorneys' fees and costs.

26.     Employment, time, work, pay, leave and other records relating to Plaintiff and the Class are in the possession, control, and custody of Defendant and its officers and agents and Plaintiff and the Class are unable to state at this time the exact amount of pay, benefits, and liquidated damages which are due and owing to them with respect to their individual claims. Defendant and its officers and agents are under a duty imposed by Section 11(c) of the FLSA, 29

U.S.C. § 211(c), and other statutes and regulations to maintain and preserve payroll and other employment records with respect to Plaintiff and the Class from which the amounts of Defendant's liability to Plaintiff and the Class may be determined.

## PRAYERS FOR RELIEF

WHEREFORE, Plaintiff prays that this Court:

a) Issue a declaration pursuant to 28 U.S.C. §§ 2201 and 2202 stating that Plaintiff and the Class were employed by Defendant in a non-exempt capacity under the FLSA from at least 2019 to present, and were wrongfully and willfully denied such status by Defendant; and,

b) Order Defendant, subject to rules and regulations to be established by this Court which conform with the FLSA, to conduct a full, complete and accurate accounting of all back overtime wages, interest, and liquidated damages due and owing to Plaintiff and the Class as a result of their misclassification as exempt from the FLSA; and,

c) Award Plaintiff and the Class such back pay, liquidated damages, and interest under the FLSA and Back Pay Act from the date of the denial of such pay and entitlements, and costs, as are due and owing to them by Defendant under applicable federal laws and regulations; and,

d) Award Plaintiff and the Class reasonable attorneys' fees and costs to be paid by Defendant under FLSA, the Back Pay Act, 5 U.S.C. § 5596, and the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1)(B); and ,

e) Issue a call upon Defendant pursuant to 28 U.S.C. § 2507, requiring the production of information or papers of Defendant establishing Defendant's liability herein; and

f) Grant to Plaintiff and the Class such other relief as the Court deems just and proper.

          Respectfully submitted,

          **/s/Daniel M. Rosenthal**
          Daniel M. Rosenthal
          James & Hoffman, P.C.
          1629 K. St. NW
          Suite 1050
          Washington, DC 20006
          (202) 496-0500
          (202) 496-0555 facsimile
          dmrosenthal@jamhoff.com

          OF COUNSEL:
          Linda Lipsett
          Bernstein & Lipsett, P.C.
          1629 K. St. NW
          Suite 1050
          Washington, DC 20006
          (202) 296-1798
          llipsett@bernstein-lipsett.com

          *Attorneys for Plaintiff*

Dated: April 21, 2022

## CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on this 21st day of April 2022, a copy of the foregoing complaint was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

**/s/ Daniel Rosenthal**
Daniel Rosenthal

# Exhibit A

# EMPLOYEE CONSENT TO BE A CLAIMANT IN LITIGATION UNDER THE FAIR LABOR STANDARDS ACT AND OTHER FEDERAL LAWS
## PLEASE TYPE OR PRINT CLEARLY

I hereby consent to be a plaintiff and claimant in litigation under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), and other federal laws, to recover back pay, liquidated damages and other relief from the United States. If this case does not proceed, I consent to join any other civil action to assert the foregoing and other related claims.

Name (Please Print): ███

Signature: ███

Date: 3/23/20